Deborah L. BATH, Plaintiff–Appellant,

v.

The NATIONAL ASSOCIATION OF IN-TERCOLLEGIATE ATHLETICS, A Missouri Corporation, Defendant–Appellee.

No. 86–1028.

United States Court of Appeals, Tenth Circuit.

April 6, 1988.

Shayne M. Madsen, Birge, Madsen & Solano, Denver, Colo., for plaintiff-appellant.

Michael H. Jackson and Franklin A. Nachman, Semple & Jackson, Denver, Colo., for defendant-appellee.

Before McKAY and BALDOCK, Circuit Judges, and SAFFELS, District Judge *.

SAFFELS, District Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The case is therefore ordered submitted without oral argument.

Plaintiff Deborah L. Bath seeks reversal of a district court order dismissing her claim against defendant National Association of Intercollegiate Athletics (NAIA) with prejudice. The district court dismissed the claim pursuant to its discretion

---

* Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by desig-

nation.

not to exercise pendent jurisdiction. The NAIA appears to concede that such a dismissal should be without prejudice, but it asks this court to affirm because alternative grounds supporting dismissal appear in the record. Because these other grounds were not first considered by the district court, reversal and remand will be the appropriate disposition.

## I.

Deborah L. Bath participated in athletic competition at the small college level. She attended several post-secondary institutions before enrolling at Mesa College in Grand Junction, Colorado in August, 1983. At Mesa College, she learned that her eligibility to participate in intercollegiate athletics was adversely affected by an NAIA rule governing transfer of student athletes between schools. The schools she had previously attended were governed by the Association of Intercollegiate Athletics for Women (AIAW), which did not have a rule similar to the NAIA's. Mesa College had changed from the AIAW to the NAIA the year before Bath's matriculation, but Bath was unaware of this. Bath believes that the NAIA rule deprived her of certain benefits, including a possible spot on the 1988 United States Olympic Volleyball Team.

On March 4, 1985, Bath filed a lawsuit against Mesa College, the trustees of the State Colleges of Colorado, the athletic director of Mesa College, the volleyball coach at Mesa College, and the NAIA, the latter being a Missouri corporation and the only diverse defendant. In her complaint she alleged discrimination based on the NAIA rule and also alleged a civil rights violation based on the practice of pregame prayer at Mesa College. She included counts for (I) violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. (1982); (ii) violation of 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. (1982), in regard to the pregame prayers; (III) violation of 42 U.S.C. § 1983 in regard to her ineligibility; (IV) breach of scholarship contract against Mesa College and its representatives; and (V) negligence against the NAIA for failing to inform her of its rules.

The defendants moved for dismissal of Bath's complaint on various grounds. On September 26, 1985, United States Magistrate Donald Abram issued an advisory opinion on the merits of the motions to dismiss, pursuant to Local Rule 603 of the United States District Court for the District of Colorado. The Magistrate recommended (1) dismissal of count I and the Title VI portion of count II, because the only relief available would be injunctive relief and, since Bath had already graduated from Mesa College, the claims were nonjusticiable; (2) dismissal of count III for failure to state a claim; (3) dismissal of counts IV and V based on a federal court's discretionary refusal to exercise pendent jurisdiction over claims under state law which are predominant and which might tend to cause jury confusion; and (4) denial of the motion to dismiss on the section 1983 portion of count II. On October 11, 1985, the district judge adopted the magistrate's recommendation in full. Because only the section 1983 claim in Count II remained in the case, and because this claim named only the four Colorado defendants, no claims remained against the NAIA. In a separate paragraph, the district judge dismissed the complaint *with prejudice* as to the NAIA, although count V, a common law negligence claim against the NAIA, had been dismissed on pendent jurisdiction grounds and not on the merits. On November 27, 1985, Bath and the four Colorado defendants filed a stipulation of dismissal. On December 4, 1985, the district court entered its order dismissing all defendants with prejudice. This timely appeal followed.

On appeal, Bath challenges the district court's dismissal of count V with prejudice. The NAIA argues that even if a dismissal on pendent jurisdiction grounds is without prejudice, the court should affirm the district court because the record contains alternative grounds for dismissal on the merits. The court finds that the availability of alternative grounds for dismissal under the facts of this case should be determined in the first instance at the district court level,

thereby making reversal and remand necessary.

## II.

The only ground given by the magistrate (and thus, through adoption, by the district judge) for dismissing count V was that the state law claim would predominate and would confuse the jury. This is a permissible reason for the district court's refusal to exercise pendent jurisdiction over a state law claim: "[I]f it appears that the state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The *Gibbs* Court expressly referred to a dismissal under this circumstance as *without prejudice. See also* 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567.1, at 138–40 & n. 22 (1984 & Supp. 1987). Because the lower court's dismissal of count V was not on the merits, it incorrectly designated the disposition as a dismissal "with prejudice."

Notwithstanding the erroneous decision of the district court, the NAIA asks us to affirm the dismissal because of alternative grounds supported by the record. Although the NAIA concedes the district court was within its discretion in dismissing count V under the doctrine of pendent jurisdiction, it argues that diversity jurisdiction provides an independent basis for this court to decide the merits of the motion to dismiss. In her complaint, Bath asserted jurisdiction under several statutes, including the diversity provision, 28 U.S.C. § 1332 (1982). Complaint, ¶ 1. She also alleged that defendant NAIA "is incorporated in the State of Missouri with its principal place of business in Kansas City, Missouri." Complaint, ¶ 6. She did not allege that the amount in controversy exceeded $10,000.00, however, and in fact did not request a specific amount of monetary damages in count V, but rather prayed "for an amount to be determined at trial." Complaint, ¶ 81A. Bath now contends that she neither pleaded the requisite elements of diversity jurisdiction nor proceeded on that theory.

While it is true that we can "affirm on any grounds that find support in the record," *Colorado Flying Academy, Inc. v. United States*, 724 F.2d 871, 880 (10th Cir.1984), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986), and this "even where the lower court reached its conclusions from a different or even erroneous course of reasoning," *Cayce v. Carter Oil Co.*, 618 F.2d 669, 677 (10th Cir.1980), we decline to do so under the facts of this case. Had the district court intended to review count V on its merits, we might also be inclined to determine the validity of the cause of action under the prevailing law. The district court expressly avoided any such determination, however, and we do not believe that under these facts, the substance of plaintiff's claim should be examined for the first time on appeal. Moreover, we do not have a complete record on the existence of diversity jurisdiction. This basis for subject matter jurisdiction was not argued in the court below, and it would be inappropriate for us to reach out and decide issues when federal court jurisdiction has not been established.

## III.

For the foregoing reasons, the decision of the district court to dismiss the NAIA with prejudice is REVERSED, and this matter is REMANDED to the district court for further proceedings to determine (1) whether the exercise of diversity jurisdiction is appropriate and, if so, (2) whether dismissal of count V on the merits is required.