953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The RESOLUTION TRUST CORPORATION, as Conservator for
CIMARRON FEDERAL SAVINGS ASSOCIATION, Plaintiff-Appellant,
v.
Randle W. CASE, Defendant-Appellee.
 No. 91-7030.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, the Resolution Trust Corporation,[1] appeals the district court's grant of directed verdict to Defendant-appellee, Randle W. Case, in this breach of contract action. Our jurisdiction over this matter arises from 28 U.S.C. § 1291. The district court's jurisdiction was based on diversity under 28 U.S.C. § 1332. Oklahoma law applies.
 
 
 3
 The relevant facts are undisputed. In connection with the financing of $2,600,000.00 for a land purchase, Appellee executed a Memorandum Agreement with Appellant's predecessor in interest, Phoenix Federal Savings and Loan Association.[2] Pursuant to that Agreement, Appellee caused to be furnished a letter of credit to Phoenix. The letter of credit expired by its own terms. Appellee subsequently furnished another letter of credit to Phoenix's successor, Cimarron Federal, which letter of credit likewise expired by its own terms. At no time did Phoenix or Cimarron Federal attempt to collect funds under either letter of credit. When a subsequent buyer defaulted on the underlying note, Cimarron brought suit against Appellee for breach of the Memorandum Agreement. The suit went to trial on the breach of contract issue and Appellee's defenses of waiver and estoppel. On Appellee's motion following the close of all evidence, the trial judge granted directed verdict.
 
 
 4
 The district court's grant of directed verdict was based solely on its interpretation of the language of the Memorandum Agreement. In reviewing the district court's determination, we apply the standards of review applicable to both the interpretation of contractual language and the grant of directed verdict. We interpret the language of the Memorandum Agreement de novo as a matter of law. See Isaac v. Temex Energy, Inc. (In re Amarex), 853 F.2d 1526, 1529 (10th Cir.1988). In light of our interpretation, and construing the evidence and inferences most favorably to the nonmoving party, we then determine whether a grant of directed verdict was proper, i.e., whether the evidence is susceptible to no reasonable inferences supporting the nonmoving party such that it points but one way. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991); see also Guilfoyle ex rel. Wild v. Missouri, Kan., & Tex. R.R., 812 F.2d 1290, 1292 (10th Cir.1987) (appellate court applies same standard as district court). We affirm the district court's judgment, albeit for different reasons. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court can affirm on any grounds that find support in the record).
 
 
 5
 The pertinent language of the Memorandum Agreement is:
 
 
 6
 In addition to the Promissory Note and Deed of Trust a material consideration to the granting of the loan is the execution and delivery of a $300,000.00 Letter of Credit ... drawn on the account of Randle W. Case to the benefit of [Phoenix]. The Letter of Credit, or a replacement thereof, shall continue in full force and effect for the benefit of [Phoenix] according to the terms of the Letter of Credit until the outstanding principal balance and all accrued interest on the Note shall be reduced to the sum of $1,600,000.00.... [Phoenix] shall have the right to submit a draft for payment under the Letter of Credit if there shall be any default under the terms of the Promissory Note, the Deed of Trust or any other agreement in relation to the Loan or in the event it shall not have received a replacement Letter of Credit in similar form and amount ... at least fifteen (15) days prior to the expiration of the term of the Letter of Credit then in effect.
 
 
 7
 Appellant contends that this language obligates Appellee to maintain a letter of credit in the stipulated amount until such time as the loan principal is reduced to $1,600,000.00. The parties do not dispute that, at the time of the subsequent buyer's default, the loan principal was greater than $1,600,000.00. Following our de novo review of the contract language, and looking at the contract as a whole, see Shawnee Hosp. Auth. v. Dow Constr., Inc., 812 P.2d 1351, 1353 (Okla.1990), we disagree. The contract obligates Appellee to furnish the initial letter of credit, which he did. While the contract provides that, as additional security for the Promissory Note, a letter of credit was to remain in place until such time as the principal balance reached $1,600,000.00 or below, no language in the contract requires Appellee to furnish the letters of credit, replacement or otherwise, that would satisfy this provision.
 
 
 8
 We disagree with the district court's rationale that, because of the phrase "according to the terms of the Letter of Credit," the fifteen-day notice provision in the letters of credit limited Appellee's obligation to provide or maintain a letter of credit. We agree with Appellant that the district court's interpretation incorrectly ties the terms of Appellant's right to call on the letters of credit to the provisions of the agreement regarding Appellee's obligation to provide the initial letter of credit. We disagree, however, with Appellant's view of the contract language.
 
 
 9
 Appellant contends that, if we determine the Memorandum Agreement does not obligate Appellee to furnish replacement letters of credit, the Memorandum Agreement must be held to be ambiguous as a matter of law. As support for this contention, Appellant asserts that such a determination would contradict the provision in the Agreement that a letter of credit be in place until the principal balance is reduced to $1,600,000.00. We disagree. That the contract does not obligate Appellee to furnish replacement letters of credit does not change the contractual provision requiring a letter of credit to be in place until such time as the condition is fulfilled.
 
 
 10
 Because we believe the Memorandum Agreement is unambiguous and does not obligate Appellee to furnish replacement letters of credit, we agree with the district court that directed verdict for Appellee was appropriate. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Resolution Trust Corporation was substituted as Appellant for the original Plaintiff-appellant, Cimarron Federal Savings Association, on or about May 20, 1991
 
 
 [2]
 The Memorandum Agreement was also executed by William David Beard Jr., the original buyer of the land, not a party to this action