953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David RITCHIE, Plaintiff-Appellant,
and
Margarita Ritchie, Plaintiff,
v.
TRW, INC.; TRW Credit Data; Credit Data Southwest, Inc.;
Credit Bureau of Los Alamos; Equifax, Inc.;
Credit Bureau, Inc.; Trans Union Credit
Company; Trans Union; Sarma,
Defendants-Appellees.
 No. 91-2208.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David M. Ritchie (Ritchie), appearing pro se, appeals from an order of the district court dismissing his complaint.
 
 
 3
 Ritchie and his wife, residents of Los Alamos, New Mexico, brought this action alleging that defendants had violated their rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C.A. §§ 1601, et. seq., by not removing from the Ritchies' credit files all references to a civil judgment of foreclosure and bankruptcy filing after the Ritchies had filed two lawsuits challenging the legality of the foreclosure judgment and related bankruptcy. (R., Vol. I, Tab 5, p. 2). The Ritchies alleged jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States court....").
 
 
 4
 With respect to § 1332, the Ritchies stated that "[p]laintiffs are citizens of the State of New Mexico. All but one Defendant is a citizen of another state besides New Mexico." (R., Vol. I, Tab 1, at p. 1). We observe that one of the designated defendants in the Ritchies' complaint was "Credit Bureau of Los Alamos New Mexico." The record on appeal indicates that a "Notice and Acknowledgment for Service by Mail" was sent to Credit Bureau of Los Alamos, 1362-A Trinity Drive, Los Alamos, N.M. 87544. (R., Vol. I, Tab 2).
 
 
 5
 Prior to trial, the district court entered the following order of dismissal:
 
 
 6
 This matter comes on sua sponte. After a review of the complaint, it has become apparent that diversity does not exist between the parties and the matter should be dismissed for lack of jurisdiction.
 
 
 7
 (R., Vol. I, Tab 25).
 
 
 8
 On appeal, Ritchie contends that the salient issues are whether: (1) FCRA violations are to be heard in district court; (2) defendants-appellees can ignore the district court's authority; (3) they established the existence of incorrect and inconsistent information in their files so as to preclude dismissal or summary judgment; and (4) the defendants-appellees violated the FCRA's "standard of maximum accuracy."
 
 
 9
 Defendants-appellees respond that even if the district court erred in dismissing the claim for lack of diversity jurisdiction, the dismissal was nevertheless appropriate because the Ritchies failed to state a claim under the FCRA. Defendants-appellees assert that the information contained in the Ritchies' credit report (that a civil judgment of foreclosure had been entered against the Ritchies and that the Ritchies had filed a petition in bankruptcy) was neither inaccurate nor misleading and the complaint contained no allegation that the Ritchies were denied credit because of the aforesaid information. We agree.
 
 
 10
 Although the district court correctly found that "diversity does not exist between the parties," the court erred in dismissing the Ritchies' complaint for lack of jurisdiction. The Ritchies alleged jurisdiction under both § 1332 and § 1681p. Jurisdiction was clearly present under § 1681p.
 
 
 11
 However, we may affirm the dismissal, if, as defendants-appellees contend, the Ritchies failed to state a claim under the FCRA. Bath v. National Association of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (court of appeals may affirm on any grounds that find support in the record even where district court reached its conclusions on erroneous course of reasoning); Koch v. City of Hutchinson, 814 F.2d 1489, 1493 (10th Cir.1987) (granting of motion for summary judgment may be affirmed if supported by any proper grounds). See also, Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 880 (10th Cir.1984), cert. denied, 476 U.S. 1182 (1986); Cayce v. Carter Oil Co., 618 F.2d 669, 677 (10th Cir.1980).
 
 
 12
 Under the FRCA, consumer reporting agencies preparing consumer reports must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). A consumer may bring an "action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to ... false information furnished with malice or willful intent to injure such consumer." § 1681h(e).
 
 
 13
 Here, the Ritchies did not allege that the civil judgment and bankruptcy reported by defendants-appellees were false. Rather, the Ritchies simply alleged that once they advised defendants-appellees that they had filed two lawsuits challenging the civil judgment, the defendants-appellees should have immediately removed any references to the judgment and bankruptcy from their file. It is this failure on the part of the defendants-appellees which Ritchies allege to be a violation of their rights under the FRCA.
 
 
 14
 In Cahlin v. General Motors Acceptance Corporation, 936 F.2d 1151, 1156 (11th Cir.1991), the court made the following observation, with which we agree:
 
 
 15
 In order to make out a prima facie violation of section 607(b) [§ 1681e(b) ], the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency.
 
 
 16
 Having failed to even allege that the defendants-appellees prepared a report containing inaccurate information, we hold that the Ritchies failed to state a cause of action under the FRCA. Defendants-appellees did not violate the FCRA by accurately reporting the Ritchies' civil judgment and bankruptcy. Thus, we affirm the district court's order of dismissal.
 
 
 17
 We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3