956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin HEIN, Plaintiff-Appellant,
v.
KERR-McGEE COAL CORPORATION, a Delaware corporation,
Defendant-Appellee.
 No. 91-8015.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Kevin Hein brought this suit against his former employer, Kerr-McGee Coal Corp., alleging that he was terminated contrary to the terms of Kerr-McGee's employee handbook which, Hein asserted, constituted an employment contract.
 
 
 3
 Kerr-McGee moved to dismiss the suit or, in the alternative, for summary judgment. Hein moved for partial summary judgment. The district court's order granted Kerr-McGee's motion and dismissed Hein's motion. Hein moved for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure and for leave to amend his complaint, in light of McDonald v. Mobil Coal Producing, Inc., 789 P.2d 866 (Wyo.1990). The district court denied his motion. Hein appeals both district court orders.
 
 
 4
 The pertinent facts are few and undisputed.[1] Hein worked as an electrician for Kerr-McGee Coal Corp. for just over seven years. During his term of employment, Kerr-McGee adopted and distributed an employee handbook. The introductory page of the handbook says:
 
 
 5
 This Employee Handbook outlines policies and procedures that affect your working relationship with Kerr-McGee. Because one handbook cannot cover all possible situations, those not specifically mentioned will be handled on a case by case basis. Should you have any question regarding the topics in this handbook or conditions of your employment, please ask your Supervisor.
 
 
 6
 This handbook should not be considered as a contract for employment. Any employee may voluntarily leave the company. Likewise, the Company retains the right to discharge employees or reduce manpower levels. Any oral or written statements or promises to the contrary are hereby disavowed. This handbook may be revised from time to time.
 
 
 7
 Exhibit A to Complaint, Appellant's App. at 14.
 
 
 8
 The handbook contains a progressive discipline system and lists examples of infractions which could result in discipline. It does not say that employees will be discharged only for cause. The handbook provides that an employee who receives three Corrective Action Notices during a 365-day period will be discharged. Hein signed a receipt acknowledging the terms of the handbook. Hein received three Corrective Action Notices during a 365-day period and was discharged.
 
 
 9
 Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We construe the district court's Order on Motions, applying legal principles to the facts of this case, as a grant of summary judgment.[2] "We review the grant or denial of summary judgment de novo. We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990) (citations omitted). In this case, where the facts are undisputed, our review is limited to whether the moving party is entitled to judgment as a matter of law. See Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Wyoming law applies to this diversity case. See Budd v. American Excess Ins. Co., 928 F.2d 344, 346 (10th Cir.1991). Hein raises two issues on appeal: 1) whether the disclaimer in Kerr-McGee's handbook is conspicuous as a matter of law and 2) whether the district court erred in denying Hein's motion for leave to amend his complaint to conform with McDonald, 789 P.2d 866. We affirm.
 
 
 10
 * The district court ruled, as a matter of law, that the disclaimer in Kerr-McGee's handbook is conspicuous. Hein challenges this determination, arguing that Jimenez v. Colorado Interstate Gas Co., 690 F.Supp. 977 (D.Wyo.1988), requires that the disclaimer: 1) be set off from other text such that it attracts attention, 2) be capitalized so as to give notice of a disclaimer, 3) be printed in a different-sized type from other provisions on the page or in the rest of the handbook, and 4) be set off by a border from other provisions.
 
 
 11
 Hein construes Jimenez too narrowly. In Jimenez, the federal district court for Wyoming found a disclaimer in an employee handbook not conspicuous and listed the above factors as examples of qualities that could have made the disclaimer conspicuous. 690 F.Supp. at 980. In this case, the same court found Kerr-McGee's disclaimer conspicuous, based on other factors:
 
 
 12
 There are only two short paragraphs, containing three sentences each, on the page containing the disclaimer. The disclaimer is contained within the second paragraph. The disclaimer is located at the beginning of the handbook on page two under the heading "INTRODUCTION." It is not buried in some later provision where it could easily be missed. Furthermore, material immediately following an introduction is generally important reading as it usually defines the scope of the material being presented. The disclaimer paragraph and the paragraph preceding it are surrounded by a lot of white or empty space. The two paragraphs only take up one-fourth to one-third of the total page. In additional, the only subject of the disclaimer paragraph is the disclaimer. Admittedly, the disclaimer is not set off with different typeface, but it is otherwise conspicuous as indicated by the above analysis.
 
 
 13
 Order on Motions, Appellant's App. at 122-23.
 
 
 14
 We see nothing in Jimenez that forecloses consideration of other factors. Based on our review of the disclaimer, we agree with the district court's reasoning and its conclusion that Kerr-McGee's disclaimer is conspicuous, as a matter of law. See Jimenez, 690 F.Supp. at 980. In light of this determination, Hein's further arguments that other provisions contained in Kerr-McGee's handbook constitute an employment contract must fail. Hein was an employee at will, subject to discharge "at any time for any reason or without reason." Mobil Coal Producing, Inc. v. Parks, 704 P.2d 702, 704 (Wyo.1985).
 
 II
 
 15
 "The determination of whether to grant or deny leave to amend is within the discretion of the court and the court's decision relative to an amendment is subject to reversal only for abuse of that discretion." LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir.1983). The district court denied Hein's motion to amend his complaint to conform with McDonald, 789 P.2d 866, ruling that 1) McDonald would have no retroactive effect such that it could apply to this case and 2) McDonald was an insufficient basis for "reopening" this case, because it was unclear whether McDonald changed Wyoming's employment law. When the district court entered this second order, McDonald was pending before the Wyoming Supreme Court on rehearing. During the pendency of this appeal, that court authored a second opinion in the case, McDonald v. Mobil Coal Producing, Inc., No. 89-146, 1991 WL 239888 (Wyo. Nov. 20, 1991) (to be reported at 820 P.2d 986).
 
 
 16
 Without addressing the district court's ruling on the retroactive effect of McDonald, and looking at both Wyoming Supreme Court opinions in that case, we affirm the district court's denial of Hein's motion for leave to amend because a review of Hein's pleadings reveals no basis for amending such that the issues presented in McDonald would apply. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court can affirm on any grounds that find support in the record).
 
 
 17
 Like this case, McDonald was an appeal from the trial court's grant of summary judgment to an employer on an employment contract claim. The court's ruling was based, in part, on a disclaimer in the employer's handbook. See 789 P.2d at 868. However, unlike Hein, McDonald claimed that his former employer's course of conduct had changed his at will employment status. The Wyoming Supreme Court reversed the district court's grant of summary judgment, finding "a genuine issue of material fact presented over whether the parties altered their contractual relationship." McDonald, 1991 WL 239888 at * 2.
 
 
 18
 Hein's motions do not reveal how the undisputed facts in this case could be applied to the estoppel-related theories discussed in the McDonald opinions. Hein has provided no basis, either before the district court or on appeal, for the determination of whether such amendment should be allowed. While leave to amend should be granted freely when justice requires, Fed.R.Civ.P. 15, where it appears from a plaintiff's motions that amendment would not cure the defects in his complaint, the district court denial is not an abuse of its discretion, and we will affirm. See Drake v. City of Fort Collins, 927 F.2d 1156, 1163 (10th Cir.1991).
 
 
 19
 In light of this disposition, we deny Hein's motions for oral argument, certification to the Wyoming Supreme Court, and leave to file supplemental briefs. The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 As Kerr-McGee correctly noted in its Memorandum opposing Hein's motion for reconsideration, Hein at no time has argued a dispute of any material facts. Defendant's Memorandum in Opposition to Plaintiff's Motion "For Reconsideration, etc.," Appellant's App. at 148
 
 
 [2]
 The district court's order is ambiguously worded: "the defendant's motion to dismiss or for summary judgment is granted." Order on Motions, Appellant's App. at 123