17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darwynn Lemonte BARWICK, Plaintiff-Appellant,
v.
CITY OF AURORA, Animal Care Division, Defendant-Appellee.
 No. 93-1140.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Darwynn Lemonte Barwick appeals from the district court's entry of summary judgment in favor of defendant City of Aurora, Colorado, in this civil rights action. Mr. Barwick filed this lawsuit following his termination as an animal control officer. He alleges the city discriminated against him on the basis of age and sex, and also that he was fired in retaliation for filing a civil rights complaint. The district court determined his claims were barred due to his admitted "resume fraud." See Summers v. State Farm Mut. Auto. Ins. Co., 864 F.2d 700, 708 (10th Cir.1988). We affirm.
 
 
 3
 Mr. Barwick was originally hired in July of 1990. On his employment application, he stated he had a college degree. Although the degree was not a prerequisite to obtaining the position, it was a significant factor in the hiring decision. In the summer of 1991, he applied for a promotion. When he did not receive it, he filed a complaint with the Colorado Civil Rights Commission, alleging that the hiring decision was discriminatory. During its own internal investigation of this claim, the city discovered that Mr. Barwick did not have a college degree and that he lied on his application.
 
 
 4
 The city has a written policy prohibiting intentional falsification or material omissions in employment applications. Employees violating the policy are subject to dismissal. On November 26, 1991, Mr. Barwick was terminated. The reasons given for the discharge in the letter of dismissal were unsatisfactory work performance and falsification of the employment application. He challenges that decision as one based on discriminatory intent and seeks reinstatement and back pay.[2]
 
 
 5
 We review the district court's grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc. 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Under this standard, the moving party bears the burden of showing, beyond a reasonable doubt, that it is entitled to judgment. Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987). The city has satisfied that burden.
 
 
 6
 The district court held that the resume fraud which Mr. Barwick committed bars him from recovering on his civil rights claims. See Summers, 864 F.2d at 704; O'Driscoll v. Hercules, Inc., No. 92-4164, 1994 WL 1967, at * 3 (10th Cir. Jan. 5, 1994)(to be reported at 12 F.3d 176). In the usual Summers case, after-acquired evidence of employee misconduct bars relief where "1) the employer was unaware of the misconduct when the employee was discharged; 2) the misconduct would have justified discharge; and 3) the employer would indeed have discharged the employee, had the employer known of the misconduct." O'Driscoll, at * 3.
 
 
 7
 Here, the scenario is altered slightly because Mr. Barwick's resume fraud became apparent prior to his termination and was expressly relied on in the dismissal. In the termination letter given to Mr. Barwick, the city cited poor performance and falsification as the reasons for the discharge. At the hearing on the motion for summary judgment, the Aurora director of human resources testified that the city has a consistent policy of terminating employees who falsify their employment applications. She cited specific examples for the court.
 
 
 8
 The factual background of Mr. Barwick's termination takes this case outside the Summers doctrine. At the core of the doctrine is the recognition that an employee who intentionally misrepresents his or her qualifications has no injury, and as a consequence, can obtain no relief for alleged violations of the anti-discrimination laws. Summers, 864 F.2d at 708; O'Driscoll, at * 3. The reason the plaintiff lacks injury, however, is because the after-acquired evidence independently justifies the termination. See Summers, 864 F.2d at 705. Here, the falsification was discovered during Mr. Barwick's employment and formed the basis for the discharge.
 
 
 9
 Thus, we do not have a situation where after-acquired evidence supplants the initial reason for the termination. Rather, it is the reason for the termination. Therefore, although the resume fraud is an essential aspect of the case, it is not necessarily controlling. Instead, we must approach the issue from the usual Title VII posture, applying the analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. In doing so, we still conclude that summary judgment was proper. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988)(court may affirm on any grounds finding support in the record).
 
 
 10
 In the district court, Mr. Barwick argued that the resume fraud was not serious enough to require discharge because the city admitted a college degree was not an essential requirement of the position. He did not, however, introduce any evidence to support his theory. The record on appeal contains no evidence to dispute the city's testimony that it terminated employees who falsify employment applications.
 
 
 11
 Once the city presented a legitimate, nondiscriminatory reason for the discharge, it was incumbent upon Mr. Barwick to come forward with evidence showing that reason was pretextual. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). There is nothing in the record disputing the city's stated reason for the discharge. Mr. Barwick admitted that he falsified his application and that he was fired for that falsification. Therefore, as a matter of law, he failed to sustain his burden of offering evidence to show pretext. Any state law claim fails for the same lack of evidence.
 
 
 12
 On appeal, however, Mr. Barwick argues for the first time that the director of human resources presented false testimony, and that the city does not always terminate employees who falsify documents. In support, he has submitted new materials not before the district court. We generally will not consider arguments raised for the first time on appeal. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993). Moreover, we will not review documents which were not received into evidence in the district court. See Daiflon, Inc. v. Allied Chem. Corp., 534 F.2d 221, 226-27 (10th Cir.), cert. denied, 429 U.S. 886 (1976). Any recourse Mr. Barwick has must come pursuant to Fed.R.Civ.P. 60(b) in the district court.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The motion to appoint counsel is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Barwick filed his first complaint pro se on April 15, 1992. It included claims pursuant to Title VII and 42 U.S.C.1981 and 1983. On defendant's motion, the court dismissed all but the Title VII claim. The court then appointed counsel, who filed an amended complaint on October 13, 1992. In response, the city filed a motion to dismiss or for summary judgment. That motion was granted as to Mr. Barwick's renewed 1981 claim, but was denied on the Title VII claim and state law claim for wrongful discharge. On April 22, 1993, the district court heard argument on the city's second motion for summary judgment. It was in that motion that the city raised the resume fraud issue. The district court granted the motion from the bench. Judgment entered on April 23, 1993