**Peggy MILLER, Plaintiff,**

v.

**BIRCHAM, INC., and William Birchfield, Defendants.**

**No. 93–2498–JWL.**

United States District Court, D. Kansas.

Jan. 30, 1995.

Ronald W. Nelson, Overland Park, KS, for Peggy Miller.

Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, William E. Hans, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for Bircham Inc., William Birchfield.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In this employment discrimination action, the plaintiff contends that the defendants discriminated against her on the basis of her sex, and retaliated against her for complaining about sexual harassment, in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). She also asserts a state law claim of outrage or intentional infliction of emotional distress against these defendants. This matter is currently before the court on the motion of the defendants for summary judgment on all of plaintiff's claims (Doc. # 30). For the reasons set forth fully below, defendants' motion is denied.

## I. Background

Peggy Miller was formerly employed by the defendant Bircham, Inc. ("Bircham"), a company owned by defendant William Birchfield which operates a Mr. Goodcents sandwich shop in Overland Park, Kansas. Before working for Bircham, plaintiff worked for The Country's Best Yogurt ("TCBY"), a store owned and operated by CLR Enterprises, Ltd. ("CLR"). Plaintiff was terminated from her employment at TCBY and, shortly thereafter, was convicted of felony theft from CLR in Johnson County District Court. She was sentenced to prison and incarcerated as a result of her theft conviction.

Roughly four years after working for TCBY, plaintiff submitted an application for employment with the Mr. Goodcents shop owned by defendants. Plaintiff was required to list on the application her last four employers from most to least recent. The application states that any misrepresentation on the application is cause for dismissal. Plaintiff did not list TCBY on the application even though it was one of the last four places at which she was employed.

## II. Discussion

Defendants contend that plaintiff is prohibited from obtaining any relief under counts I and II of her complaint, which allege hostile environment sexual harassment and retaliation under Title VII, because she failed to disclose on her application for employment that she was employed by the TCBY yogurt store and was terminated for committing felony theft from that store. Defendants rely on *Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700 (10th Cir.1988), and other Tenth Circuit cases, in support of their position that after-acquired evidence of allegedly wrongful acts on the part of plaintiff completely bar relief for her claims. In addition, defendants contend that plaintiff cannot and has not made a prima facie case for the tort of outrage under Kansas law.

■■■ Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### A. Title VII Claims

■■■ Defendants contend that plaintiff's failure to list TCBY as a previous employer and her failure to indicate why her employment there was terminated, constitute material omissions of information, unknown to Bircham, which if known, would have caused Bircham to terminate plaintiff's employment. Under *Summers*, defendants contend, this falsification of information on her application for employment bars her from seeking relief for any alleged unlawful discrimination. Plaintiff admits that she did not name TCBY as a former employer. However, she contends that throughout most of her employment at Bircham, defendants knew she was employed by TCBY and that she was imprisoned as a result of her theft conviction. She asserts that the defendants cannot now claim either that this evidence is newly-acquired or that it, in fact, would have prompted them to terminate her employment.

In *Summers v. State Farm Mut. Auto Ins. Co.*, the Tenth Circuit found that evidence discovered after an employee's termination which indicated that the employee falsified company records while employed precluded granting relief to the former employee for unlawful intentional discrimination. 864 F.2d 700, 708 (10th Cir.1988). The court found that such after-acquired evidence could not be ignored and was conclusive proof that there was no injury to be remedied or afforded relief under Title VII. *Id.* The Tenth Circuit has since affirmed the rationale of *Summers* and applied it to other situations in which an employer has shown or attempted to show that after-acquired evidence would have caused it to fire the employee or would validly prevent it from reinstating that employee. *See O'Driscoll v. Hercules Inc.*, 12 F.3d 176, 179 (10th Cir.1994) (terminated employee's ADEA, breach of employment contract and wrongful termination claims barred by after-acquired evidence of employee's misrepresentations on employment application, security clearance form and health

insurance application); *see also Barwick v. City of Aurora*, No. 93–1140, 1994 WL 50436, at *1–2 (10th Cir. Feb. 22, 1994) (viability of after-acquired evidence doctrine recognized, but summary judgment granted on other grounds).

Other circuit courts have similarly held that all relief may be denied to an employee discharged in violation of Title VII when the employer later discovers some wrongful conduct that would have led to discharge if it had been discovered earlier. *See Welch v. Liberty Machine Works, Inc.*, 23 F.3d 1403 (8th Cir.1994); *Washington v. Lake County*, 969 F.2d 250 (7th Cir.1992); *Johnson v. Honeywell Info. Sys., Inc.*, 955 F.2d 409 (6th Cir.1992); *Smallwood v. United Air Lines, Inc.*, 728 F.2d 614 (4th Cir.), *cert. denied*, 469 U.S. 832, 105 S.Ct. 120, 83 L.Ed.2d 62 (1984). *Cf. Mardell v. Harleysville Life Ins. Co., Toastmaster Div.*, 31 F.3d 1221 (3d Cir.1994) (rejecting after-acquired evidence doctrine); *Kristufek v. Hussman Foodservice Co.*, 985 F.2d 364 (7th Cir.1993) (same); *Wallace v. Dunn Constr. Co.*, 968 F.2d 1174 (11th Cir. 1992) (same), *vacated pending rehearing en banc*, 32 F.3d 1489 (1994).

Most recently, however, the United States Supreme Court, in *McKennon v. Nashville Banner Pub. Co.*, —— U.S. ——, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), addressed the appropriate use of after-acquired evidence in an intentional discrimination case and clearly rejected the notion that it may be used as a complete bar to relief. The Supreme Court reasoned that barring all relief, in every instance, to an employee who engaged in misconduct is inconsistent with the scheme developed in anti-discrimination statutes and would undermine their purpose to eliminate discrimination in the workplace and "serve as a 'spur or catalyst' to cause employers to 'self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges' of discrimination." *McKennon*, —— U.S. at ——, 115 S.Ct. at 884. Thus, the Court found that after-acquired evidence could not be used to preclude all recovery where there has been a finding of intentional discrimination.

The Court did not hold, however, that after-acquired evidence was irrelevant to all of the issues to be decided in a discrimination case. It recognized that while Title VII seeks to deter discrimination and compensate aggrieved plaintiffs, it does not ignore the legitimate interests of the employer. *See id.* at ——, 115 S.Ct. at 886. "Title VII, is not a general regulation of the workplace but a law which prohibits discrimination. The statute does not constrain employers from exercising significant other prerogatives and discretions in the course of the hiring, promoting, and discharging of their employees." *Id.* The Court went on to find that in a trial court's formulation of a remedy for the discrimination, it must take an employee's wrongdoing into account. *Id.*

In an effort to "recognize the duality between the legitimate interests of the employer and the important claims of the employee who invokes the national employment policy mandated" by Title VII, the Court set forth some parameters for the use of after-acquired evidence of wrongdoing in fashioning the appropriate equitable relief. *See id.* Equitable considerations will vary from case to case, but as a general rule, neither reinstatement nor front pay is an appropriate remedy when after-acquired evidence would in fact have caused dismissal for legitimate reasons. "It would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds." *Id.* at ——, 115 S.Ct. at 887. The starting point for the trial court is calculation of backpay measured "from the date of the unlawful discharge to the date the new information was discovered." *Id.* The trial court may then "consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party." *Id.*

In light of the Supreme Court's ruling in *McKennon*, the court denies defendants' motion for summary judgment on plaintiff's claims of hostile work environment sexual harassment and retaliation based on alleged after-acquired evidence of wrongdoing on her part. Any alleged misrepresentation or omission on plaintiff's application, even if it

would have caused her lawful dismissal, is not a complete defense to or bar to all relief from plaintiff's claims of intentional discrimination under Title VII. This evidence, however, will be addressed again at trial. Evidence of any wrongdoing on plaintiff's part will be relevant in the court's determination of the appropriate equitable relief to be accorded in the event that a jury should return a verdict in favor of the plaintiff on her claims of discrimination.

### B.  State Law Claim

■ Defendants also move that the court grant summary judgment on plaintiff's claim of intentional infliction of emotional distress in count III of her complaint. The tort of outrage creates liability when a person engages in extreme and outrageous conduct and thereby intentionally or recklessly causes severe emotional distress to the plaintiff. *Ramirez v. IBP, Inc.*, No. 94–4101–SAC, 1994 WL 732612, at *2 (D.Kan. Nov. 18, 1994) (citing *Moore v. State Bank of Burden*, 240 Kan. 382, 388, 729 P.2d 1205 (1986), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987)). Kansas courts require proof of the following four elements to establish the cause of action:

> (1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe.

*Lindemuth v. Goodyear Tire and Rubber Co.*, 19 Kan.App.2d 95, 100, 864 P.2d 744, 748–49 (1994). Plaintiff must also meet two threshold requirements which must be determined by the court: (1) Whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) whether the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it. *Id.* at 100, 864 P.2d at 749 (citing *Roberts v. Saylor*, 230 Kan. 289, 292–93, 637 P.2d 1175 (1981)).

■ The court has thoroughly reviewed all of the evidence submitted and finds that plaintiff has met her burden to identify sufficient evidence to require submission of her claim to a jury. Plaintiff has identified multiple offensive touchings, numerous offensive and demeaning remarks, and multiple instances in which a fellow employee exposed his penis while making lewd comments to her. Her testimony supports an inference that the offensive behavior and actions were ongoing and continuous and that Mr. Bircham was aware of the circumstances and took no action. Considering all of the evidence in the light most favorable to the plaintiff, giving her all of the reasonable inferences to which she is entitled, plaintiff's claim cannot be dismissed at this time.

The court points out, however, that while a reasonable person could find such conduct outrageous, the facts nevertheless present a close question whether plaintiff has satisfied all of the necessary elements of her claim. Plaintiff's evidence of extreme and severe mental distress is notably weak. In addition, the context in which the offensive touchings and exposures occurred is unclear. Plaintiff has just barely met her burden to show that the conduct of defendant was done with intentional or reckless disregard of her emotions. In other words, while there is evidence of a hostile environment, there is less evidence that the actions of other employees and management was intended to inflict emotional distress upon the plaintiff or was done with specific knowledge or reckless disregard for the effect it would have on her. While the court finds the evidence sufficient to overcome summary judgment, these issues may be revisited at trial upon a Rule 50 motion if the circumstances so warrant.

### III.  Conclusion

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' *motion for summary judgment* (Doc. # 30) is denied.

**IT IS SO ORDERED.**