Lisa C. VANDEVENTER, Douglas L. Feltner, Rita Phelps, Brandi Jo Russell, and Sherry Wampler, Plaintiffs,

v.

WABASH NATIONAL CORPORATION, Defendant.

No. 4:93 cv 46 AS.

United States District Court, N.D. Indiana, Hammond Division, at Lafayette.

May 23, 1995.

Marshall R. Crawford, A. Robert Thayer, Chavez Crawford and Thayer, Lafayette, IN, for plaintiffs Lisa C. Vandeventer, Douglas L. Feltner, Rita Phelps, Brandi Jo Russell, Sherry Wampler.

Keith R. Fafarman, Jay T. Seeger, Gambs Mucker Bauman and Seeger, Robert L. Bauman, Ellen R. Klausen, Gambs Mucker Bauman and Seeger, Lafayette, IN, for defendant Wabash Nat. Corp.

## MEMORANDUM AND ORDER ON PLAINTIFF FELTNER'S MOTION TO RECONSIDER

ALLEN SHARP, Chief Judge.

On October 17, 1994, this court granted summary judgment in favor of the defendant dismissing plaintiff Douglas L. Feltner. 867 F.Supp. 790 (N.D.Ind.1994). Judgment has still not been entered in this case, because the parties are haggling over motions for sanctions and expenses. Such are currently pending before U.S. Magistrate Judge Roger Cosbey, who heard oral argument on May 18, 1995. Plaintiff Feltner in the meantime has asked this court to reconsider its grant of summary judgment against him, citing recent changes in case law.

This court has watched with great care and great interest the developments in Title VII case law over the past seven months. The plaintiff is correct that there have been material changes (or at the least, refinements) in the law. However, such do not change the outcome in this case.

This court's October 17, 1994 decision was based on three findings: Mr. Feltner engaged in resume fraud; he could not state a claim for same-sex sexual harassment; and notwithstanding, his claims did not rise to the level required for actionable sexual harassment.

### Application Falsehood

This court cited the relevant Seventh Circuit case law on the subject of resume fraud, *Washington v. Lake County, Illinois,* 969 F.2d 250 (7th Cir.1992), in ruling in the defendant's favor. *Washington* held that all relief may be denied to an employee discharged in violation of Title VII when the employer later discovers some wrongful conduct that would have led to discharge if it had been discovered earlier. Mr. Feltner had falsified information on his application, an act which the evidence showed would have resulted in his dismissal if it had been discovered prior to and independently of his termination for absenteeism.

■ However, after this court's October 17, 1994 opinion, the United States Supreme Court abrogated *Washington* and related Seventh Circuit jurisprudence in *McKennon v. Nashville Banner Pub. Co.,* — U.S. —, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). *See Miller v. Bircham, Inc.,* 874 F.Supp. 337, 340 (D.Kan.1995). The Supreme Court allowed that after-acquired information, such as falsified applications, can be taken into consideration, but such can not be used as a total bar to recovery if there exists discriminatory action. *Id.* Basically, the Supreme Court held that neither reinstatement nor front pay is an appropriate remedy when after-acquired evidence of wrongdoing would in fact have caused dismissal for legitimate reasons; however, *backpay* would still be attainable from the date of the unlawful discharge to the date the new information was actually discovered. *Id., citing McKennon,* — U.S. at — —, 115 S.Ct. at 886–87.

Under the recent Supreme Court doctrine, *Washington* is abrogated and Mr. Feltner might be entitled to a certain amount of backpay despite his application falsehood.

### Same–Sex Sexual Harassment Under Title VII

■ Mr. Feltner's only allegation of sexual harassment involved a male co-worker who aimed obscene language at him. In ruling against the plaintiff, this court stated that "Same-sex harassment is not actionable under Title VII." 867 F.Supp. at 796. That statement may have been overbroad.

The holding against plaintiff Feltner in his same-sex harassment claim was correct, and based on solid law. However, it was meant

to be fact-specific. This court had earlier denied a Rule 12 motion to dismiss made by the defendant on that issue, and did not rule against Feltner's same-sex harassment claim until it was a fully briefed motion under Rule 56. 867 F.Supp. at 796. This court has again recently denied a motion to dismiss on the pleadings a same-sex sexual harassment claim. *Blozis v. Mike Raisor Ford,* No. 4:95cv14AS (unpublished order of April 3, 1995). The court's holding in *Vandeventer* against Mr. Feltner stands only for the proposition that Mr. Feltner's factual allegations are not actionable under Title VII.

■ It may be that same-sex harassment is *never* cognizable under Title VII, but that is still a murky area of the law and was not the basis of the decision in this case. Discrimination because of *homosexuality* is not covered by Title VII. *Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081, 1084 (7th Cir.1984) ("Congress manifested an intention to exclude homosexuals from Title VII coverage.... The phrase in Title VII prohibiting discrimination based on sex, in its plain meaning, implies that it is unlawful to discriminate against women because they are women and against men because they are men.... Congress never considered nor intended that this 1964 legislation apply to anything other than the traditional concept of sex."), *cert. den.,* 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985); *see also Goluszek v. Smith,* 697 F.Supp. 1452, 1456 (N.D.Ill. 1988); *Garcia v. Elf Atochem North America,* 28 F.3d 446, 451 (5th Cir.1994) ("[h]arassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination."); *Dillon v. Frank,* 58 Fair Emp.Prac.Cas. (BNA) 90, 1990 WL 358586 (E.D.Mich.1990), *aff'd,* 952 F.2d 403 (6th Cir.1992) (Table; Text in Westlaw).

■ People who are harassed *because* they are homosexual (or are perceived as homosexual) are not protected by Title VII any more than are people who are harassed for having brown eyes. However, it is imperative to note that being homosexual does not deprive someone of protection from sexual harassment under Title VII, it is merely irrelevant to it. The issue is and remains whether one is discriminated against because of one's *gender.* If a male homosexual is discriminated against *because he is male,* such violates Title VII regardless of his particular sexual orientation. Not surprisingly, cases of male prejudice against males or female prejudice against females is rare. The "anti-male" atmosphere that *Goluszek* would require here does not exist, and it would be the rare case indeed where it did.

■ There seems to be significant confusion regarding the distinctions between sexual harassment and gender discrimination. There is no law specifically outlawing sexual harassment. Sexual harassment is illegal *because and only because* it is a form of gender discrimination under Title VII. Sexual harassment is a subset of gender discrimination. The concept of sexual harassment is an acknowledgement that when a male employer requires a woman to submit to him sexually for a promotion, or creates a sexually hostile environment, he is discriminating against her on the basis of her gender. Gender discrimination is the root; absent a base in gender discrimination, there can be no actionable sexual harassment. One can most certainly be the victim of gender discrimination without being a victim of sexual harassment; however, the reverse is not true. One *can not be* the victim of actionable sexual harassment if one is *not* a victim of gender discrimination.

Recently, Chief Judge Posner wrote the definitive opinion on Title VII sexual harassment, *Baskerville v. Culligan International Co.,* 50 F.3d 428 (7th Cir.1995). In parenthetical dicta, he noted "(Sexual harassment of women by men is the most common kind, but we do not mean to exclude the possibility that sexual harassment of men by women, or men by other men, or women by other women would not also be actionable in appropriate cases.)" *Id.* at 430. Dicta does not constitute precedent, and for very good reason. The issue of whether same-sex harassment is actionable under Title VII was not before the court in *Baskerville,* and that court certainly did not bottom its decision on such concept.

However, this court does believe that it would be going too far to state that there is *never* any possible basis of relief for same-sex sexual harassment under Title VII. As was discussed in the earlier *Vandeventer* opinion, the issue under Title VII is discrimination based on one's gender; "[t]his court agrees with the *Goluszek* [697 F.Supp. at 1456] analysis that Title VII is aimed at a gender-biased atmosphere; an atmosphere of oppression by a "dominant" gender." *Vandeventer*, 867 F.Supp. at 796. No evidence was produced by Mr. Feltner that he was harassed *because* he was a male. *Id.* The evidence here demonstrates that the atmosphere in the workplace was not "anti-male." *Id.*

This court believes that the common basis of all relevant caselaw in this area is the proposition that Title VII addresses *gender-based* harassment and *gender-based* hostile environment; in other words, gender bias. The EEOC's Compliance Manual, Section 615.2(b)(3) states that "the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex," whether or not the victim is of the opposite sex from the harasser. That means that a man can state a claim under Title VII for sexual harassment by another man *only* if he is being harassed *because* he is a man; the relative genders are irrelevant.[1] There may or may not be homosexual aspects to such harassment. There may or may not be a prejudice against one's own gender involved.

The words "sex" and "sexual" create definitional problems because they can mean either "relating to gender" or "relating to sexual/reproductive behavior." The two are not the same, but are certainly related and easily confused. Title VII only recognizes harassment *based* on the first meaning, although that frequently *involves* the second meaning. However, harassment which involves sexual behavior or has sexual behavior overtones (i.e., remarks, touching, display of pornographic pictures) *but is not based on* gender bias does *not* state a claim under Title VII.[2]

The distinction makes little difference when dealing with male-on-female or female-on-male sexual harassment; at least, it has typically been treated as one and the same. When a man touches a woman in a sexual manner, or asks her to have sexual relations with him, it can be presumed that he is doing so because she is a woman. Her gender is probably not incidental. It is only with same-sex harassment that the distinction becomes very important. Some courts try to address the distinction by framing it as a homosexuality issue; this court does not believe that to be the proper course.

There was no offer of evidence that Mr. Feltner was discriminated against because he was a man, and that precludes his claim under Title VII. *See Ulane*, 742 F.2d at 1085. This court does not hold in this case that same-sex sexual harassment can *never* be actionable—such a holding is unnecessary here, and would merely cloud the real issue.

1. *See generally, Carr v. Allison Gas Turbine*, 32 F.3d 1007, 1009 (7th Cir.1994) (Question was "whether the plaintiff was, *because of her sex*, subjected to" harassment. (emphasis added)); *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 620 (6th Cir.1986) ("[T]o prove a claim of abusive work environment premised upon sexual harassment, a plaintiff must demonstrate that she would not have been the object of harassment but for her sex."), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987).

The statute itself clearly outlaws *gender* discrimination, not simply harassment through comments or actions considered "dirty" or with "sexual" overtones. Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "Sex" in this context means gender, not behavior or affectation.

2. Mr. Feltner's male co-worker called the plaintiff a "dick sucker." 867 F.Supp. at 796. This was a common epithet, not a sexual advance. The "harasser" taunted Mr. Feltner by calling him a homosexual, but there was no evidence or even allegation that either man was homosexual or believed the other to be. While the epithet used and the taunting had a "sexual" component, as do most expletives, the crucial point is that the "harasser" was not aiming expletives at the victim *because of the victim's maleness*. He was taunting the victim because he did not like him; Mr. Feltner's gender was irrelevant. There was no evidence that the abuse was based on the "harasser's" disdain for the victim's gender. Thus, it was not actionable under Title VII.

**1182**

Such decision will be left to the courts of appeals and ultimately the United States Supreme Court. Whether same-sex sexual harassment can ever be proved need not be decided here because the factual allegations in *this* case simply do not rise to an actionable level.

### Grant of Summary Judgment on the Merits

Most importantly to this motion for reconsideration is the court's finding that Mr. Feltner's allegations did not rise to the level required of actionable sexual harassment. The court reaffirms its findings in that regard, especially in light of recent Seventh Circuit case law.

The court has already mentioned *Baskerville v. Culligan International Co.*, 50 F.3d 428 (7th Cir.1995), in which the court of appeals overturned a plaintiff's jury verdict in a Title VII sexual harassment case for resting on insufficient evidence. That case provides a very comprehensive explication of the requirements for actionable sexual harassment under Title VII. It also provides a very clear framework regarding the employer's liability for the sexually-harassing actions of employees. *Baskerville* strengthened the requirements for actionable sexual harassment. Mr. Feltner did not meet the standard before *Baskerville*, and certainly does not after it.

This court's decision is also well-supported by *Russell v. Acme–Evans Co.*, 51 F.3d 64 (7th Cir.1995), in which the court of appeals affirmed the district court's grant of summary judgment to the defendants in a Title VII racial discrimination case. Judge Posner delves deeply into the evidentiary requirements of resisting summary judgment. He acknowledges the "practical inability of a plaintiff in a Title VII case to get past summary judgment unless he presents evidence other than what comes out of his own mouth," and the cost and disadvantage to the plaintiff this creates. *Id.* at 70. However, the court of appeals states that the defendants have procedural rights conferred by settled law, and the court is powerless to lighten the plaintiff's significant burden. *Id.* at 71. It is a burden "necessary to distinguish the real from the spurious cases of discrimination." *Id.*

These two opinions make clear the very significant burden on a plaintiff attempting to avoid summary judgment on a Title VII sexual harassment allegation. This court believes that its earlier opinion on the merits in *Vandeventer* concerning Mr. Feltner was correct and solidly based on established law. These more recent cases reaffirm and support that decision. Mr. Feltner has not stated a case sufficient to withstand summary judgment.

### Conclusion

It is being the victim of anti-male or anti-female bias that forms the basis of a Title VII sexual harassment claim, not simply being exposed to "sexual"-type comments or behavior. Title VII is meant to rectify gender bias in the workplace, not *per se* to outlaw foul mouths or obscenities. Sometimes sexually-explicit comments are evidence of or constitute gender bias, and sometimes not. Absent extenuating circumstances, it would seem difficult to prove that sexually explicit words or conduct between men would demonstrate an anti-male atmosphere. Evidence of such was not presented here.

While there have been interesting and in some instances relevant changes in the law since this court's October 17, 1994 grant of summary judgment, such have not affected the basic soundness of that opinion. To the extent that this opinion is at odds with the memorandum and order of October 17, 1994 (867 F.Supp. 790), that opinion is **SUPERSEDED**. The grant of summary judgment dismissing plaintiff Feltner stands. The plaintiff's motion to reconsider is **DENIED. SO ORDERED.**