**Michael TANNER, Plaintiff,**

v.

**PRIMA DONNA RESORTS, INC., a Nevada corporation; Doug McMaster; and Roes I through X and Does I through X, inclusive, Defendants.**

**No. CV–S–95–619–DWH(LRL).**

United States District Court,
D. Nevada.

Jan. 23, 1996.

---

Leslie Mark Stovall, Las Vegas, Nevada, for plaintiff.

Salvatore C. Gigino, Las Vegas, Nevada, for defendants.

### MEMORANDUM DECISION AND ORDER

HAGEN, District Judge.

Before the court is defendants' motion (# 5) to dismiss the complaint. For the reasons stated below, defendants' motion to dismiss is denied.

*Background*

Plaintiff sues his former employer, Prima Donna Resorts, his former supervisor, Doug McMaster, and a series of unnamed defendants. The complaint alleges that Doug McMaster sexually harassed plaintiff while plaintiff was employed as a sports writer at Prima Donna Resorts, subjecting him to *quid pro quo* and hostile environment sexual harassment, and that Prima Donna later fired plaintiff for filing a formal complaint with the Human Resources department, con-

stituting a retaliatory discharge in violation of Title VII and Nevada statutes. In addition, the complaint alleges state common law claims including intentional infliction of emotional distress, wrongful termination, battery, and assault.

Defendants move to dismiss this action for failure to state a claim on the grounds that, under Title VII, a claim of sexual harassment by a person of the same sex as the plaintiff is not actionable. Defendants further argue that this court's recognition of plaintiff's claim would be equivalent to recognition of homosexuality as a protected category under Title VII, and, as such, would be contrary to Congressional intent. Plaintiff argues that, regardless of the sex of his harasser, he was subjected to discriminatory harassment because of his sex, a clear violation of Title VII. Plaintiff argues that the court should not apply a different standard merely because one or both of the persons involved are homosexual.

*Legal Standard*

When considering a motion to dismiss, the court must accept the factual allegations of the complaint as true and draw all reasonable inferences from the allegations in plaintiff's favor. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Discussion*

Title VII of the Civil Rights Act of 1964 prohibits discrimination based on sex. 42 U.S.C. § 2000e–2(a)(1). Sexual harassment is a form of sex discrimination prohibited by Title VII. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Sexual harassment can take one of two forms: *quid pro quo* harassment, and hostile work environment harassment. Plaintiff has alleged both.

Although the Supreme Court did not restrict its holding in *Meritor* to harassment

from a person of the opposite sex of the victim, courts remain uncertain as to whether a same-sex claim is viable under Title VII, and many recent district court opinions have struggled with the issue. The Ninth Circuit has suggested that same-sex claims are viable under Title VII, *see Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463–64 (9th Cir.1994), cert. den., — U.S. — , 115 S.Ct. 733, 130 L.Ed.2d 636 (1995), but has yet to formally decide the issue. Based on a review of the law, the court finds, as a matter of law, that same-sex sexual harassment claims are actionable under Title VII.

Defendants rely on *Goluszek v. Smith,* 697 F.Supp. 1452 (N.D.Ill.1988) and *Garcia v. Elf Atochem North America,* 28 F.3d 446 (5th Cir.1994) (citing *Goluszek*) for the proposition that same-sex harassment is not actionable under Title VII. Several district courts which have decided this issue for defendants have relied on the reasoning in the *Goluszek* decision. *See, e.g., Benekritis v. Johnson,* 882 F.Supp. 521, 525 (D.S.C.1995); *Hopkins v. Baltimore Gas & Electric Co.,* 871 F.Supp. 822, 834 (D.Md.1994). For the reasons set forth below, this court does not adopt the *Goluszek* court's reasoning.

In *Goluszek,* the district court granted summary judgment to the defendant on a hostile environment claim because the plaintiff failed to produce sufficient evidence that an anti-male atmosphere existed at his workplace. 697 F.Supp. 1452, 1456. Although the above-listed cases cite *Goluszek* for the proposition that a same-sex sexual harassment claim is not actionable under Title VII, in fact, the *Goluszek* court did not so hold. Rather, the court, reasoning that in enacting Title VII, Congress was concerned with discrimination "stemming from an imbalance of power and an abuse of that imbalance by the powerful which results in discrimination against a discrete and vulnerable group," imposed a requirement that plaintiff, in addition to proving that he personally was harassed because of his sex, prove that his work environment was anti-male and "treated males as inferior." *Id.*

Notwithstanding the *Goluszek* court's sweeping statements regarding Congressional intent, its analysis is unsupported by any legislative history. *Goluszek v. Smith,* 697 F.Supp. 1452 (N.D.Ill.1988); *Sardinia v. Dellwood Foods,* 1995 WL 640502, *motion for appeal granted,* 1995 WL 710205. Because the prohibition against sex discrimination was added to Title VII's prohibitions against race, color, religion, and national origin discrimination at the eleventh hour, there is little legislative history regarding the scope of the sex discrimination prohibition. *See Meritor,* 477 U.S. at 63–64, 106 S.Ct. at 2403–04.

Moreover, the additional requirement imposed by *Goluszek* on a sexual harassment plaintiff is an unwarranted extension of the elements of proof set forth by the Supreme Court in *Meritor.*[1] Title VII creates an individual claim which is ripe before the work environment has been poisoned for all workers of one sex or the other. *See Sardinia v. Dellwood Foods, Inc.,* 1995 WL 640502, n. 5, *motion for appeal granted,* 1995 WL 710205. It does not require that the work environment be hostile to all workers of the plaintiff's sex; it requires that the environment be hostile to the plaintiff. In short, *Goluszek* departed from binding Supreme Court precedent, and this court rejects its reasoning.

Defendants, in their reply brief, argue that this court's recognition of plaintiff's claim would be equivalent to recognition of homosexuality as a protected category under Title VII, contrary to Congressional intent. For the reasons set forth below, that argument is rejected.

Plaintiff's complaint is silent as to plaintiff's sexual orientation. The court cannot consider material outside the complaint in deciding a 12(b)(6) motion. *Levine v.*

---

1. The elements of hostile work environment sexual harassment are:
    (1) plaintiff belongs to a protected group;
    (2) plaintiff was subjected to unwelcome sexual harassment;
    (3) the harassment was based on sex;
    (4) the harassment was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and
    (5) *respondeat superior.*

*Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1990). Thus, to the extent defendants base their argument on the assumption that plaintiff is homosexual, the court must reject it.

▮ If defendants' argument is that regardless of plaintiff's sexual orientation, acceptance of same-sex sexual harassment claims under Title VII requires the recognition of homosexuality as a protected category under Title VII, the court rejects this argument as well. Although Title VII does not include a prohibition on discrimination based on sexual orientation, homosexuals are just as protected by Title VII's existing protections as anyone else. *See Vandeventer v. Wabash Nat'l. Corp.*, 887 F.Supp. 1178 (N.D.Ind.1995).

▮ Furthermore, categorization of same-gender sexual harassment as "homosexual" harassment makes the unwarranted assumption that sexual harassment is motivated by sexual attraction on the part of the harasser.[2] However, Title VII does not require that sexual harassment be motivated by attraction, only that it be "because of sex"; indeed, harassment, like other forms of victimization, is often motivated by issues of power and control on the part of the harasser, issues not necessarily related to sexual preference. *See* Catherine A. MacKinnon, *Sexual Harassment of Working Women* 220–21 (1979). Therefore, the sexual preference of the harasser is irrelevant to a Title VII claim.

▮ Just as courts do not inquire into the sexual preferences of the victim in cases of opposite sex harassment, the sexual preference of the victim should be a non-issue in a same-sex sexual harassment case. The focus should be on the harassing conduct itself, and whether the harassment is "because of sex."

▮ The Equal Employment Opportunity Commission ("EEOC") has read Title VII to extend protection to victims of same-sex discrimination in the workplace:

The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex ...

Example 1—If a male supervisor of male and female employees makes unwelcome sexual advances toward a male employee because the employee is male but does not make similar advances towards female employees, then the male supervisor's conduct may constitute sexual harassment since the disparate treatment is based on the male employee's sex. E.E.O.C. Compliance Manual § 615.2.

*See also* E.E.O.C. Guidelines on Discrimination Because of Sex, 29 C.F.R. § 1604.11(a). Although not binding on the courts, E.E.O.C. Guidelines are a source of informed and persuasive interpretation by an enforcing agency. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158 (1971). Several recent district court decisions have cited the guidelines with approval in upholding same-sex harassment claims. *See, e.g., Roe v. K–Mart*, 1995 WL 316783 (D.S.C.); *Ecklund v. Fuisz Technology*, 1995 WL 662391 (D.Va.); *Blozis v. Ford, Inc.*, 896 F.Supp. 805 (N.D.Ind.1995).

▮ Defendants correctly cite *De Santis v. Pacific Tel and Tel. Co., Inc.*, 608 F.2d 327 (9th Cir.1979) for the proposition that Title VII does not prohibit discrimination on the basis of sexual preference or orientation. However, this holding cannot be extended to embrace the proposition that a homosexual harasser may harass a person of the same sex with impunity, or that a homosexual victim may be harassed by a person of the same sex with impunity. Title VII protects all persons, whether *male or female, heterosexual or homosexual*, from discrimination based on sex. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) (using gender-neutral language to define sex discrimi-

---

**2.** Even if this assumption were warranted, it would only lead to the conclusion that the harasser was homosexual, not the victim. Therefore, defendant's argument that Title VII does not

protect against discrimination based on sexual orientation would not preclude a cause of action by a heterosexual victim of a homosexual harassment.

nation and recognizing Congressional intent to "strike at the entire spectrum of disparate treatment of men and women."). As a practical matter, some same-sex harassment claims may involve homosexual aspects. But this alone should not invalidate the claim. The E.E.O.C.'s Compliance Manual, Section 615.2(b)(3), identifies the crucial inquiry as "whether the harasser treats a member or members of one sex differently from members of the other sex." As long as a plaintiff can prove he or she was harassed because of his or her sex, the sexual preference of the parties is irrelevant to whether a claim is stated.

**IT IS ORDERED** that defendant's motion (# 5) to dismiss for failure to state a claim is hereby **DENIED.**