**James R. SHERMER, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF TRANSPORTATION, Defendant.**

No. 95–3231.

United States District Court, C.D. Illinois, Springfield Division.

Aug. 30, 1996.

James P. Baker, Springfield, IL, for plaintiff.

Terence J. Corrigan, Karen L. McNaught, Springfield, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge:

A male supervisor allegedly makes a series of offensive comments about a male employee having sex with other men.

Does the supervisor's conduct create a hostile work environment actionable under Title VII?

Not in this case.

## I. BACKGROUND

Plaintiff James Shermer, at the time in question an employee of the Illinois Department of Transportation (IDOT), contends that he was subjected to a sexually offensive and hostile work environment because IDOT supervisor, John Trees, repeatedly between May of 1993 and August 17, 1993 made sexually offensive remarks in the presence of Plaintiff and other IDOT employees about Shermer engaging in sexual acts with members of his own sex.

On July 31, 1996, this Court denied Defendant's motion for summary judgment. The basis of the Order was that same-sex sexual harassment is actionable under Title VII.

Defendant now seeks reconsideration arguing that although same-sex sexual harassment may be actionable, it is not actionable in this case because there is no evidence that Plaintiff was discriminated against based upon his gender. Specifically, Defendant maintains that Plaintiff and Trees worked on an all male crew and that "[t]here is not, and cannot be, any evidence that female workers were treated differently." Defendant also notes that there is no evidence suggesting Trees or any other IDOT employee did anything more than make comments about Plaintiff engaging in sexual activity with other men.

In response, Plaintiff asserts that the fact it was an all male crew does not prevent him from proving to a jury that he was discriminated against because he was a man. According to Plaintiff, the hostile environment was created solely because he is a man. In particular, Plaintiff asserts that "[i]n the case at bar the conduct at issue although offensive becomes sufficiently egregious to alter ad-

versely the conditions of his employment not merely because it is conduct of a sexual nature, but rather because of the sex of the Plaintiff since it alludes to the Plaintiff engaging in sexual acts with individuals of his own sex."

Moreover, according to Plaintiff, there is no requirement that he prove he was treated differently than women. Plaintiff maintains he is only required to prove the existence of offensive conduct based upon sex that creates a hostile environment

## II. ANALYSIS

As was recently noted by the United States District Court for the Northern District of Indiana, if and when same-sex sexual harassment is actionable is an issue that will ultimately be left to the courts of appeals and the United States Supreme Court. *Vandeventer v. Wabash National Corp.*, 887 F.Supp. 1178, 1182 (N.D.Ind.1995). Unfortunately for both the parties and the Court, however, the various courts of appeals have been slow to act and are divided. *Compare McDonnell v. Cisneros*, 84 F.3d 256, 260 (7th Cir.1996) (noting that "a difference in sex is not a necessary condition of sexual activity and hence (most courts think) of sexual harassment.") *with Garcia v. Elf Atochem North America*, 28 F.3d 446, 451–52 (5th Cir.1994) (explaining that harassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones because Title VII addresses gender discrimination).

Compounding the problem is the fact that "[d]istrict courts across the country are deeply divided on whether Title VII applies to same-gender sexual harassment," *Hopkins v. Baltimore Gas and Elec. Co.*, 77 F.3d 745, 751 (4th Cir.1996), and more importantly, that the United States Court of Appeals for the Seventh Circuit has stated that same-sex sexual harassment is probably actionable in an appropriate case, but has failed to even

hint at what constitutes an appropriate case. *See Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir.1995).

 In other words, although it is probable that same-sex sexual harassment is actionable within the Seventh Circuit, how the Court should analyze whether this case is actionable is far from clear. What is clear, however, is that Plaintiff must ultimately establish that he was sexually harassed because of his sex. *Griffith v. Keystone Steel and Wire*, 887 F.Supp. 1133, 1137 (C.D.Ill. 1995). Moreover, in this context, the term "sex" means "gender". *Price Waterhouse v. Hopkins*, 490 U.S. 228, 239–41, 109 S.Ct. 1775, 1784–86, 104 L.Ed.2d 268 (1989) (using "gender" and "sex" interchangeably).[1] *See McDonnell*, 84 F.3d at 260 ("[s]exual harassment was brought under the aegis of Title VII's sex discrimination clause because it makes the workplace difficult for women on account of their sex.").

██ Unfortunately, what Plaintiff must show to prove that he was harassed because of his sex is an open question. *See Hopkins*, 77 F.3d at 752 (noting that "[t]he more difficult question arises as to what proof is necessary to demonstrate that harassment is because of the employee's gender and not for some other reason, particularly when the harasser and the victim are the same gender."). Clouding the issue is the fact that Title VII does not prohibit discrimination because of sexual orientation. *Id.* at 751–52.

### A. Methods of Proof

#### 1. *Sexual Attraction*

The few courts that have addressed the issue, and then usually in *dicta*, have come to varying conclusions on how to address the proof problem. For example, the United States Court of Appeals for the Fourth Circuit in *Hopkins* and in *McWilliams v. Fairfax County Bd. of Supervisors*, 72 F.3d 1191, 1195 (4th Cir.1996) seem to suggest that

---

1. To win at trial, Plaintiff must show that: (1) he was a member of a protected class; (2) he was subjected to unwelcome sexual harassment; (2) the harassment complained of was based upon sex; (3) the Defendant's conduct was sufficiently severe or pervasive to alter the conditions of his

employment; and (4) Defendant knew or should have known of the harassment and failed to take appropriate corrective action. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 20–22, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993).

homosexuality and sexual attraction are the keys. *See Hopkins,* 77 F.3d at 752.

### 2. Treatment of the Opposite Gender

Conversely, in *Tanner v. Prima Donna Resorts, Inc.,* 919 F.Supp. 351 (D.Nev.1996), the United States District Court for Nevada held that "the sexual preference of the parties is irrelevant to whether a claim is stated." *Id.* at 356. According to the court in *Tanner,* the crucial inquiry is whether the harasser treats a member or members of one gender differently from members of the other gender. *Id. See Griffith,* 887 F.Supp. at 1137.

### 3. Type of Work Environment

A third approach focuses on the atmosphere of the work environment. According to this approach, the only way a male same-sex sexual harassment plaintiff can win is if he can prove that his work environment was anti-male. *Vandeventer,* 887 F.Supp. at 1181. *See Quick v. Donaldson Co., Inc.,* 895 F.Supp. 1288, 1296 (S.D.Iowa 1995) (explaining that "a male in a male-dominated environment cannot successfully complain that he was discriminated against based upon his gender.").

Thus, under the first approach, arguably, Defendant is not entitled to summary judgment. Although Plaintiff does not assert that he is homosexual, he does claim that he was discriminated against because Trees thought he was gay. Thus, it is at least possible that if Plaintiff was a woman, he would not have been subjected to the same harassment. Conversely, under the second and third approaches, Defendant is entitled to summary judgment.

Specifically, in regard to the second approach, because it was impossible for Trees to treat women differently because none were present, Plaintiff cannot prove that he was treated differently from women. Similarly, if the third approach is applied, Plain-

tiff obviously cannot show that his work environment was anti-male.

Unfortunately, there are flaws with all three approaches. The first approach (sexual attraction) has the problem of relying on a trait—sexual orientation—that is not actionable under Title VII and making it the key to what a plaintiff must prove. The second approach (treatment of opposite gender) is flawed because by definition it excludes all work environments, like the one at issue in this case, that are all male or all female. In other words, if a plaintiff is unlucky enough not to have co-workers of the opposite sex, his or her claim is barred. Likewise, the third approach (type of work environment) suffers from the similar problem of not addressing whether the work environment is hostile to the individual plaintiff, but instead focuses on whether the environment is hostile to all workers of the plaintiff's sex. *See Tanner,* 919 F.Supp. at 354.

### B. Lack of Proof

 Flawed or not, the Court must agree with Judge Niemeyer's conclusion in *Hopkins* that without proof that a harasser acted out of sexual attraction, it is very difficult for a plaintiff to prove a same-sex hostile environment claim.[2] *See Hopkins,* 77 F.3d at 752 (noting that sexual attraction is the principal way a plaintiff can meet his or her burden of proof). Thus, the Court must agree with Defendant that even when the facts are construed in a light most favorable to Plaintiff, Plaintiff cannot establish that he was discriminated against because he was a man.[3]

Specifically, the evidence, as alleged, shows that Trees subjected Plaintiff to crude and offensive comments because Trees perceived Plaintiff to be a homosexual. In other words, all the evidence suggests Plaintiff was harassed not because of his gender but because of his sexual orientation. *See Hopkins,* 77 F.3d at 752 (noting that "conduct directed

---

**2.** Proof that a harasser, for whatever reason, hated his or her own gender would also be sufficient. *See Sardinia v. Dellwood Foods, Inc.,* No. 94 Civ. 5458, 1995 WL 640502 (S.D.N.Y. Nov. 1, 1995).

**3.** The Court does not agree with Defendant that the lack of women on the work crew is the reason why Plaintiff fails to raise a material question. How other workers of both genders are treated is relevant evidence, but certainly not dispositive.

toward an employee of the same gender as the harasser can have sexual content or innuendo and, indeed may be offensive. But unless such harassment is directed toward an employee "because of" his or her status as a man or a woman, it does not implicate Title VII.").

Plaintiff has failed to present any evidence, beyond mere speculation, that he would have been discriminated against if Trees would have perceived him as a heterosexual. Conversely, and more importantly, Plaintiff has failed to present any evidence that he was discriminated against because he was a man. Plaintiff maintains that the harassment was sufficiently egregious because it alluded to him engaging in sexual acts with other men, discrimination based on sexual orientation, real or perceived, however, is simply not actionable under Title VII.

*Ergo,* Defendant's motion for reconsideration is ALLOWED. Judgment is entered in favor of Defendant, parties to bear own costs.

SO ORDERED.

CASE CLOSED.